# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM J. HIBBLER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1267 | **DATE** | May 14, 2008 |
| **CASE TITLE** | Terry Jerome Brown (#2005-0069920) vs. Ms. Frazier, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion "requesting promise for discovery" [#18] is denied. The plaintiff's "second motion ordering the U.S. Marshal to serve all of the defendants [#19] is denied as moot. The plaintiff's motion for appointment of counsel [#20] is denied.

■ [For further details see text below.]   *Wm. J. Hibbler*   Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officers at the jail, violated the plaintiff's constitutional rights by using unjustified force against him (or, in the case of one officer, by standing by without intervening when he saw other officers resorting to excessive force). This matter is before the court for ruling on pending motions.

The plaintiff's motion "requesting promise for discovery" [#18] is denied. The plaintiff should serve discovery requests on counsel once an attorney has entered an appearance on the defendants' behalf.

The plaintiff's "second motion ordering the U.S. Marshal to serve all of the defendants" [#19] is denied as moot. The court issued alias summonses by Minute Order of May 12, 2008.

Finally, the plaintiff's motion for appointment of counsel [#20] is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d

**(CONTINUED)**

mjm

**STATEMENT (continued)**

1070, 1072 (7th Cir. 1992). If so, the court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656; *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be considered in determining whether to appoint counsel).

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. Although the plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff appears more than capable of presenting his case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.